RECEIVED
AUG 3 1 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | DOCKET NO.:6:04-60014-02 |
|---|---|
| VERSUS | |
| | JUDGE DEE D. DRELL |
| BRIAN WILLIAMS | MAG. JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the court is the Motion to Correct Illegal Sentence filed by petitioner, Brian Williams ("Williams), pursuant to 28 U.S.C. § 2255. [Rec. Doc. 176]. Williams contends that his counsel was ineffective for failing to argue that his sentence was beyond the statutory maximum under 18 U.S.C. 3583(e)(3). For the reasons enunciated below, Williams' section 2255 motion is **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### I. Background

On January 10, 2005, petitioner pled guilty to one count of possession of cocaine hydrochloride with intent to manufacture cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A). [Rec. Doc. 86] On September 13, 2005, he was sentenced to serve 120 months in the custody of the Bureau of Prisons ("BOP"), to be followed by a supervised release term of five (5) years. [Rec. Doc. 103] His supervised release term began May 8, 2014.

On May 7, 2015, a petition to revoke supervised release was filed based upon Williams' violations of the conditions of supervision. [Rec. Doc. 129] Following a hearing as to the violations alleged in the petition, special conditions were added to petitioner's supervised release, including not driving a vehicle and not consuming alcohol. [Rec Doc. 135]

On July 6, 2016, a second petition to revoke Williams' supervised release was filed based upon Williams' continued violation of his conditions. [Rec. Doc. 140] On September 29, 2016, the Court revoked Williams' supervised release and sentenced him to serve 36 months in the custody of the BOP. [Rec. Doc. 164]

Williams appealed his 36-month sentence and argued that it exceeded the guideline range, even though it was within the statutory maximum. [Rec. Doc. 174] He first contended that the sentence was unreasonable because the district court had made reference to an erroneous criminal history score. *Id.* at 2-3. By opinion dated August 21, 2017, the Fifth Circuit noted that this Court had repeatedly referred to Williams' correct criminal history score and concluded that his first argument was belied by the record. *Id.*

He next contended that the above-guidelines sentence was unreasonable because it was greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a). Rejecting this contention, the Fifth Circuit noted that it "'routinely' upholds revocation sentences that exceed the advisory range but fall within the statutory maximum." *Id.* at 3. The Fifth Circuit affirmed Williams' sentence in all respects.

The instant Motion was filed on February 20, 2018, pursuant to which petitioner claims that his counsel was ineffective for failing to argue that this sentence was beyond the statutory maximum under 18 U.S.C § 3583(e)(3). [Rec. Doc. 176] The United States was ordered to respond and did so on July 10, 2018. [Rec. Doc. 185]

**II.     Law and Analysis**

28 U.S.C.§ 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (*quoting Kuhn v. United States*, 432

F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id. (quoting* 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

A § 2255 motion for post-conviction relief is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." § 2255, ¶ 6(1).

Relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *United States v. Petrus*, 44 F.3d 1004, *8 (5th Cir. 1994) (*citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arguellas*, 78 F. App'x. 984, 986 (5th Cir. 2003) (*quoting* 28 U.S.C. § 2255; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (*citing Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

Williams asserts one ground upon which he seeks relief, specifically, ineffective assistance of counsel.[1] While not all claims can be raised in a Section 2255 motion, a claim for ineffective

---

[1] The Government contends that Petitioner couched his challenge to his sentence as a claim for ineffective assistance of counsel to surmount the procedural bar which would prevent him raising the issue of the calculation of the term of imprisonment upon the revocation of his supervised

3

assistance of counsel can be considered. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Navejar*, 960 F.2d 733, 735 (5th Cir. 1992) Williams contends that he was denied effective assistance of counsel due to his counsel's "failure to raise sentence was beyond statutory maximum pursuant to 18 U.S.C. 3583(e)(3)." [Rec. Doc. 176, p. 4, ¶ 12] As required by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant must show (1) that his counsel's performance fell below an objective standard of reasonableness (2) and that his counsel's ineffective performance prejudiced his defense. Counsel is never ineffective in failing to raise legally baseless or frivolous arguments. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("Failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").

Williams claims that "[v]iolations for sentence were only 'C' violations which could only trigger a statutory maximum of 2 years" and that he "received 36 month sentence beyond the statutory maximum prescribed by law." [Doc. 176 at p. 4, ¶ 12(a)] The Court agrees with the government's contention that Williams misunderstands the sentencing range applicable to his violations of the conditions of his supervised release.

Williams was convicted of possession of cocaine hydrochloride with intent to manufacture and distribute cocaine base under 21 U.S.C. § 841(b)(1)(A), a Class A felony, which carries a maximum sentence of five years upon revocation pursuant to 18 U.S.C. § 3583(e)(3). The Fifth

---

release on collateral review. The government correctly asserts that such an error could have been raised on appeal, and the reasonableness of his sentence was in fact raised on appeal. [Doc. 174] The Fifth Circuit determined as part of its ruling that Williams' sentence was within the statutory maximum. Williams' argument would also be procedurally barred for due to the fact that it was already determined on appeal. See *United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997). Therefore, the Court agrees that Williams would be barred from asserting that his sentence exceeded the statutory maximum on collateral review.

Circuit's decision affirming Williams' sentence correctly noted that the "36-month term of imprisonment was within the statutory maximum." [Doc. 174 at p. 3]

The Grade C violation of his supervised release, as classified by U.S.S.G. § 7B1.1, did not mean that he fell under the two-year maximum sentence under 18 U.S.C. § 3583(e)(3) for a Class C felony. The two-year maximum under Section 3583(e)(3) applies to sentences imposed upon the revocation of supervised release in the event the "offense that resulted in the term of supervised release" is a Class C or D felony.

U.S.S.G. § 7B1.1 sets forth three grades of probation and supervised release. The Grade C violation refers to "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment of a year or less." U.S.S.G. § 7B1.1(a)(3). The Court explained during the September 29, 2016 revocation hearing that pursuant to 7B1.3(a)(2), "upon a finding of a Grade C violation, the Court may (A) revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervision." [Rec. Doc. 169, p. 19, lines 2-5] The Court noted that Williams' conditions of supervision had been previously modified and that "didn't work." *Id.* at line 6. Accordingly, the Court revoked supervised release and ordered Williams to serve up three years in jail, with no supervised release to follow, which was well within the statutory range established by 18 U.S.C. § 3583(e)(3).

The alphabetical grade level of his *supervised release* violation is not the same as the alphabetical classification of his *original* offense.

For these reasons, Williams' claim that his counsel was ineffective for failing to object to the sentence is meritless.

### III. Conclusion

For the foregoing reasons, based on the record and the relevant jurisprudence Williams' motion under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Because Williams' claim is plainly refuted by the record, no evidentiary hearing is required. *See United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989).

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Williams has failed to demonstrate a substantial showing of the denial of a constitutional right.

**SIGNED** this 31st day of August, 2018, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT